IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:05-cr-0047-SPM -GRJ

ALLEN ELLIS GILLESPIE,

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 38, Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and Doc. 41, the Government's response. Defendant has filed a reply. (Doc. 48.) The undersigned ordered supplemental briefing from the parties (Docs. 62, 63, 68.) For the following reasons, the undersigned recommends that the motion to vacate be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

*A. Trial Court Proceedings*

Defendant was charged by indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) and 924(e). His prior felony convictions included grand theft, grand theft auto, armed trespass, shooting into an occupied dwelling, felony fleeing and attempting to elude, carrying a concealed firearm, possession of a firearm by a convicted felon (2), possession of cocaine (2), and driving with a suspended license (habitual offender) (3). (Doc. 1.) On April 17, 2006, Defendant pleaded guilty to Count One of the indictment, pursuant to a plea agreement that explained he would be subject to a mandatory 15-year minimum term of imprisonment. (Doc. 26.) Petitioner did not file any objections to his Presentence

Investigation Report ("PSR").  On August 14, 2006, Defendant was sentenced to 195 months of imprisonment followed by five years of supervised release.  (Doc. 35.)  Defendant qualified for enhanced penalties (the 15-year mandatory minimum versus a 10-year maximum without the enhancement) based on his qualification for Armed Career Criminal Status.  The factual basis for the plea listed all of Defendant's prior felonies, noting that his convictions for armed trespass, shooting into an occupied dwelling, and carrying a concealed firearm were by definition violent felonies for the purposes of the Armed Career Criminal Act ("ACCA").  (Doc. 25.)  Judgment was entered on August 29, 2006.  (Doc. 36.)  Defendant did not appeal.

### B.  The Begay and Archer Decisions

After Defendant's time to appeal expired but before he filed the instant § 2255 motion, the U.S. Supreme Court and the Eleventh Circuit issued rulings clarifying what a "violent felony" is under ACCA.  Under ACCA, codified at 18 U.S.C. § 924(e)(1), a defendant who violated § 922(g) (possession of a firearm by a convicted felon) and who also had three prior convictions for violent felonies or serious drug offenses would be subject to a mandatory minimum sentence of 15 years imprisonment.

On April 16, 2008, the United States Supreme Court clarified what offenses classify as a "violent felony" under the Act.  *Begay v. United States,* 553 U.S. 137 (2008).  The Court determined that  violent felonies under ACCA are crimes "roughly similar in kind, as well as in degree of risk posed," to those enumerated in 18 U.S.C. § 924(e)(2)(B)(ii), which "present serious potential risk of physical injury to another."  *Begay,* 128 S. Ct. at 1584.  The felonies enumerated in § 924(e)(2)(B)(ii) are burglary, arson, extortion, and crimes involving use of explosives.  On June 26, 2008, the

Eleventh Circuit applied the *Begay* holding to conclude that carrying a concealed firearm is not a violent felony under ACCA. *United States v. Archer,* 531 F.3d 1347 (11th Cir. 2008).

### C. Defendant's § 2255 Motion to Vacate

The instant motion to vacate was filed on November 12, 2008, when Defendant placed it in the prison mail system. It is Defendant's first § 2255 motion. Defendant contends that he is actually innocent of Armed Career Criminal Status in light of the decisions in *Begay* and *Archer*. (Doc. 38.)

In its initial response the Government argued that *Begay* and *Archer* established procedural changes and therefore do not apply retroactively, depriving Defendant of a claim of timeliness under § 2255(f)(3). That provision provides for a 1-year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). The parties were then directed to submit supplemental briefs in light of the significant developments in case law occurring since the motion was initially filed in 2008.

In its supplemental brief, the Government conceded that *Begay* and *Archer* are retroactive and thus the instant petition is timely.[1] The Government also expressly waived the defenses of procedural default and exhaustion, in accord with the U.S.

---

[1]Petitioner's November 12, 2008 motion is timely under § 2255(f)(3) because it was filed within one year of *Begay* (decided April 16, 2008) and *Archer* (decided June 26, 2008).

*Case No: 1:05-cr-47-SPM -GRJ*

Department of Justice's position in the Eleventh Circuit in similar cases.[2] The Government now argues that even if the conviction of carrying a concealed firearm does not qualify under ACCA, there are still a sufficient number of qualifying violent felonies among the 13 prior felonies identified in the indictment and factual basis for the plea. The Government argues that Defendant's prior convictions for grand theft auto,[3] armed trespass,[4] shooting into an occupied dwelling and a vehicle,[5] and fleeing and attempting to elude a police officer[6] are qualifying violent felonies and therefore his motion to vacate should be denied. (Doc. 63.)

In his supplemental response, Defendant argues that because the factual basis for his plea specifically state that the armed trespass, shooting into an occupied dwelling, and carrying a concealed firearm were qualifying violent felonies, and the concealed firearm conviction is not a qualifying ACCA offense, he is ineligible for the sentence enhancement. Defendant argues that the government may not now rely on

---

[2] Notwithstanding the issue of whether the Court might be permitted to *sua sponte* invoke these procedural bars, the undersigned recommends acceptance of the Government's waiver of these defenses. *See e.g., Esslinger v. Davis,* 44 F.3d 1515, 1524 (11th Cir. 1995) (requiring that an important federal interest exists if a district court wishes to invoke the exhaustion bar *sua sponte*); *King v. Chase,* 384 Fed. Appx. 972, 974 (11th Cir. 2010) (unpublished). However, while Petitioner contends the actual innocence exception applies to excuse his procedural default, this argument would likely fail under *McKay v. United States,* 657 F.3d 1190, 1198 (11th Cir. 2011) (declining "to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence").

[3] Case No. 1992-CR-283

[4] Case no. 1992-2441-CF

[5] Case No. 95-2325-CF

[6] Case No. 00-1004-CF

other prior convictions for enhancement, citing *United States v. Canty*, 570 F.3d 1251, 1256 (11th Cir. 2009) for the proposition that "the government's failure to rely on prior convictions at the initial sentencing waives any attempt to later rely on the prior conviction for enhancement." Defendant also suggests that his other prior convictions do not qualify as violent felonies under ACCA. (Doc. 68.)

## II.  ACCA SENTENCING CLAIM

ACCA requires that a Defendant convicted of violating § 922(g) (possession of a firearm by a convicted felon) who has three prior convictions for violent felonies or serious drug offenses be sentenced as an armed career criminal.  18 U.S.C. § 924(e)(1).  Defendant's primary argument is that in the factual basis for the plea, three prior convictions were specifically referenced as ACCA violent felony offenses yet only two are qualifying offenses.  (Doc. 25.)  Defendant contends that while his convictions for armed trespass[7] and shooting into an occupied dwelling qualify, his conviction for carrying a concealed firearm does not.  According to the Defendant, because the Government relied on those three convictions the Government should not now be permitted to rely on any of his other prior convictions to maintain the ACCA enhancement.  (Doc. 68.)  The Government responds that notwithstanding the concealed firearm conviction, Defendant still has at least four qualifying offenses and therefore the sentence is correct.  (Doc. 63.)

---

[7] In his supplemental brief, Defendant conceded that armed trespass was a qualifying conviction. (Doc. 68.)  In his initial motion to vacate, Defendant contended that armed trespass was not a qualifying conviction.  (Doc. 38.)  In light of Defendant's *pro se* status, the undersigned will address below the issue of whether armed trespass is a qualifying violent felony.

Defendant has 13 prior felony convictions, which were identified in the indictment, factual basis for the plea, and PSR. Petitioner signed the factual basis for his plea and made no objections to his PSR. To date he has neither contested nor denied committing the crimes detailed in the PSR. For the reasons discussed below, Defendant possesses the requisite three violent felonies and was properly sentenced as an armed career criminal.

Defendant argues that only the three convictions specifically referenced in the factual basis for the plea that were considered by the Court can be used for his ACCA sentence enhancement. However, § 924(e) is mandatory. Even where the qualifying offenses are not charged in the indictment, the enhancement can be applied. *See United States v. Gibson*, 64 F.3d 617, 625-26- (11th Cir. 1995); *United States v. Cobia,* 41 F.3d 1473, 1475-76 (11th Cir. 1995).

A "violent felony" is defined in ACCA as:

> any crime punishable by imprisonment for a term exceeding year. . .that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B).

Courts typically use a "categorical approach" to consider whether a prior felony conviction is a qualifying offense, and look "only to the fact of conviction and the statutory definition of the prior offense." *Sykes v. United States,* 131 S. Ct. 2267, 2272 92011); *See also Taylor v. United States,* 495 U.S. 575, 602 91990). The court considers the elements of the crime and the way in which it is ordinarily committed, rather than inquiring into the specific conduct of a particular offender. *Sykes,* 131 S. Ct.

at 2272.  However, where the statute encompasses both conduct that constitutes a violent felony and conduct that does not, the court follows a "modified categorical approach."  *Shepard v. United States,* 544 U.S. 13, 23 (2005); *United States v. Palomino Garcia,* 606 F.3d 1317, 1327 (11th Cir. 2010).  Under the modified categorical approach, the court can extend its inquiry beyond the mere fact of conviction to examine certain *Shepard*-approved documents, such as charging documents, plea agreements, and transcripts of plea colloquies, to determine the factual circumstances underlying the predicate conviction.  *Johnson v. United States,* 130 S. Ct. 1265, 1273 (2010).  Factual findings can also be based on statements in the PSR that the defendant does not dispute.  *United States v. Beckles,* 565 F.3d 832, 844 (11th Cir. 2009, *cert. denied,* 130 S. Ct. 272 (2009).

### A.  *Shooting into a dwelling and vehicle*

Defendant concedes, and the undersigned agrees, that his conviction for shooting into an occupied dwelling and vehicle is a qualifying predicate offense for ACCA sentencing and "involves conduct that presents a serious potential risk of physical injury to another."   18 U.S.C. § 924(e)(2)(B).  *See also United States v. Alexander,* 609 F.2d 1250 (11th Cir. 2010) (discharging a firearm within 1,000 feet of another person is a "violent felony" for ACCA purposes); *United States v. Rabb,* 248 Fed. Appx. 133, 135 (11th Cir. 2007) (affirming finding that conviction under Alabama statute for shooting into a dwelling was a "crime of violence" for sentencing purposes). Fla. Stat. § 790.19 describes the crime as "[w]hoever, wantonly or maliciously, shoots at, within, or into. . .any public or private building, occupied or unoccupied. . .or vehicle of any kind which is being used or occupied by any person" and is a second-degree

felony.  As generally committed, this offense poses a serious potential risk of physical injury to another and is "roughly similar in kind" to the ACCA enumerated offenses.  *See Begay,* 553 U.S. at 144.  Accordingly, Defendant's conviction for shooting into a dwelling and vehicle is a qualifying "violent felony" for ACCA sentence enhancement purposes.

### B.  *Armed trespass*

Defendant concedes in his supplemental brief that his armed trespass is a qualifying conviction (Doc. 68), but in his initial motion contended that it was not.  (Doc. 38.)  The undersigned concludes that Defendant's armed trespass conviction is a qualifying violent felony under ACCA.  The statute in effect at the time of Defendant's conviction, Fla. Stat. § 810.09 (1992) makes it a felony for:

> Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation. . .If the offender is armed with a firearm or other dangerous weapon during the commission of the offense of trespass on property other than a structure or conveyance, he is guilty of a felony of the third degree. . .Any owner or person authorized by the owner may, for prosecution purposes, take into custody and detain, in a reasonable manner, for a reasonable length of time, any person when he reasonably believes that a violation of this paragraph has been or is being committed, and he reasonably believes that the person to be taken into custody and detained has committed or is committing such violation.  In the event a person is taken into custody, a law enforcement officer shall be called as soon as is practicable after the person has been taken into custody.

The crime is ordinarily committed when a person willfully and without permission enters property where there is notice against entering and the person possesses a firearm or other dangerous weapon at the time of the trespass.  The next step in the analysis is to determine whether the crime as ordinarily committed poses a "serious

potential risk of physical injury to another." Armed trespass, as defined by the Florida Statute, poses similar risks to that of a burglary–the risk of confrontation between the trespasser and a third party, whether an owner of the property, a police officer, or a bystander.  In fact, the statute itself clearly contemplates the potential for such confrontation.  Not only is the armed trespass provision subject to greater penalties than ordinary trespass, but the statute itself authorizes an owner of the property or authorized person to take the defendant into custody and detain him.  Fla. Stat. § 810.09.  In the ordinary case, Florida's crime of violent trespass involves conduct presenting serious potential risk of physical harm to another; it also poses similar risks to the enumerated offense of burglary.  *See Sykes,* 131 S. Ct. At 2279; *James v. United States,* 550 U.S. 200-206 (2007).[8]  Accordingly, Defendant's conviction for armed trespass is a qualifying "violent felony" for ACCA sentence enhancement purposes.

### C. Fleeing and attempting to elude an officer

The Supreme Court in *Sykes* held that fleeing police officers in a motor vehicle was categorically within the residual clause and therefore was a violent felony.  *Sykes,* 131 S. Ct. at 2273.  Accordingly, Defendant's 2001 conviction for fleeing and attempting to elude a police officer–which was based, according to the PSR, on an incident where Defendant fled police officers in a motor vehicle–is a qualifying violent felony under

---

[8] The armed trespass conviction would also be a violent felony if a modified categorical approach were employed, as a review of the PSR indicates that Defendant climbed a fence onto a property.  A bystander who saw Defendant and another man climb the fence called law enforcement.  When law enforcement arrived, Defendant fled on foot and needed to be tracked by a canine.  When he was apprehended, he was found in possession of a .380 semi-automatic handgun that had been reported stolen. PSR, p. 9.

*Case No: 1:05-cr-47-SPM -GRJ*

ACCA.

Accordingly, because Defendant possesses the three requisite violent felonies (shooting into an occupied dwelling, armed trespass, fleeing and eluding)[9] for the ACCA sentence enhancement, Defendant's motion to vacate is due to be denied.

### III.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the Defendant's motion to vacate, Doc. 38, be **DENIED**.

**IN CHAMBERS**, at Gainesville, Florida, this 11th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[9] The undersigned need not reach the issue of whether Defendant's conviction for grand theft auto is a qualifying violent felony.

*Case No: 1:05-cr-47-SPM -GRJ*